Filed 11/22/21 In re L.L. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.L., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E077242 |
| Plaintiff and Respondent, | (Super.Ct.No. J285195) |
| v. | OPINION |
| S.E. et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County. Annemarie G. Pace, Judge. Conditionally reversed and remanded.

Robert McLauglin, by appointment of the Court of Appeal, for Defendant and Appellant, S.E.

Amy Z. Tobin, by appointment of the Court of Appeal, for Defendant and Appellant, M.L.

1

Michelle D. Blakemore, County Counsel, and Kaleigh Ragon, Deputy County Counsel, for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendants and appellants S.E. (Mother) and M.L. (Father) are the parents of L.L. On June 11, 2021, the juvenile court issued an order terminating their parental rights following a hearing pursuant to Welfare and Institutions Code[1] section 366.26.  Both parents appeal, arguing the matter must be conditionally reversed and remanded to permit further inquiry into L.L.'s Native American ancestry as required under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and corresponding provisions of the Welfare and Institutions Code.  Plaintiff and respondent San Bernardino County Children and Family Services (CFS) concedes that the record does not contain sufficient evidence to show that it complied with its statutory duties of inquiry and notice under ICWA.  We agree and conditionally reverse the matter and remand to permit CFS and the juvenile court to take the necessary steps to achieve ICWA compliance.

## II.  FACTS AND PROCEDURAL HISTORY

At the time of L.L.'s birth in 2020, eight of L.L.'s siblings had already been removed from Mother and Father; Mother's and Father's parental rights had been terminated as to two of those siblings; and legal guardianships had been established with respect to the remaining six siblings.  On May 26, 2020, CFS filed a juvenile dependency petition on behalf of L.L., pursuant to section 300 et seq., alleging Mother's and Father's

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

failure to protect, the lack of provision for support, and the abuse of siblings as a basis for jurisdiction.

On June 17, 2020, the juvenile court held a joint jurisdictional and dispositional hearing. Prior to the hearing, both parents had completed an ICWA inquiry form, representing they did not have Native American ancestry. However, on the date of the hearing, Father filled out a second form indicating potential eligibility for membership in a federally recognized Indian tribe, without identifying any specific tribe. As a result, at the time of hearing, the juvenile court inquired whether Father had any additional information to provide; Father identified a relative who would have more detailed knowledge; and Father provided the name of that relative. Based upon this representation, the juvenile court continued the hearing to permit further investigation. CFS filed two subsequent declarations of due diligence regarding ICWA compliance, but both declarations noted only that CFS had provided notice of the proceedings to the Bureau of Indian Affairs.

On September 2, 2020, the juvenile court held a continued jurisdictional and dispositional hearing. Father reaffirmed his belief that he may be eligible for membership in a federally recognized Indian tribe and specifically identified two tribes. In response, CFS requested a further continuance to permit it to conduct an additional inquiry and investigation. However, the subsequent report filed by CFS did not indicate

that it sent any notices to the identified tribes or otherwise attempted to contact these tribes.[2]

On October 15, 2020, the juvenile court held another continued jurisdictional and dispositional hearing. Father was again questioned regarding his potential Native American ancestry; he again expressed his belief that he may be eligible for membership in the previously identified tribes; and he identified additional relatives as persons who may have more detailed information regarding his potential Native American ancestry. At the conclusion of the hearing, the juvenile court: found that ICWA did not apply because it did not have reason to know that L.L. had Native American ancestry; sustained the allegations of the petition; bypassed reunification services; and set the matter for a hearing pursuant to section 366.26.

On June 11, 2021, the juvenile court held a permanency planning hearing pursuant to section 366.26, ordered termination of Mother's and Father's parental rights, and selected a permanent plan of adoption for L.L. Both parents appeal from this order.

### III. DISCUSSION

On appeal, the only issue raised by both parents is the failure of CFS and the juvenile court to comply with their duties of inquiry and notice as required under ICWA and relevant California statutes. CFS concedes that the record contains insufficient evidence to show that it complied with its duties of inquiry. We agree, and we conditionally reverse and remand the matter so that CFS and the juvenile court may

---

[2] Instead, the report stated only that social workers attempted to contact Father to discuss the matter further with him, but they were unsuccessful in those attempts.

4

comply with their duties under ICWA and corresponding provisions of the Welfare and Institutions Code.

A. *Legal Background and Standard of Review*

"Congress enacted ICWA in 1978 to address concerns regarding the separation of Indian children from their tribes through adoption or foster care placement, usually in non-Indian homes. [Citation.] ICWA established minimum standards for state courts to follow before removing Indian children from their families and placing them in foster care or adoptive homes." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1048.) In turn, the Welfare and Institutions Code "creates three distinct duties regarding ICWA in dependency proceedings. First, from [CFS's] initial contact with a minor and his family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. [Citation.] Second, if that initial inquiry creates a 'reason to believe' the child is an Indian child, then [CFS] 'shall make *further* inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' [Citation.] Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply." (*In re D.S.*, at p. 1052; see § 224.2)

Following the inquiry stages, the juvenile court may make a finding that ICWA does not apply because CFS's inquiry and due diligence was " 'proper and adequate' but no 'reason to know' whether the child is an Indian child was discovered." (*In re D.S.*, *supra*, 46 Cal.App.5th at p. 1050.) However, the duty to inquire is " 'an affirmative and continuing duty,' " and the juvenile court " 'shall reverse its determination if it

5

subsequently receives information providing reason to believe that the child is an Indian child and order the social worker or probation officer to conduct further inquiry.' " (*Id.* at pp. 1048, 1050; see *In re K.R.* (2018) 20 Cal.App.5th 701, 706 ["[T]he juvenile court has a continuing duty to conduct an inquiry when it has received information that a dependent child might be an Indian child, as defined by ICWA . . . ."].)

"[W]e review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order." (*In re A.M.* (2020) 47 Cal.App.5th 303, 314; see *In re Austin J.* (2020) 47 Cal.App.5th 870, 885 [A trial court's finding that ICWA does not apply includes an implicit finding that social workers fulfilled their duty of inquiry, and it is reviewed for substantial evidence.].)

B. *Application*

Here, Father informed the court he was potentially eligible for membership in a federally recognized Indian tribe when responding to a social worker's questionnaire; specifically identified two tribes on two different occasions;[3] and identified family members whom he believed might have additional information pertaining to potential Native American ancestry. The juvenile court and CFS both acknowledged that this information triggered a duty to conduct a further inquiry, and the juvenile court continued the matter on at least two occasions for that very purpose. However, the record contains

---

[3] Father indicated he may have ancestry in the Choctaw and Blackfoot tribes.

6

no indication that CFS took any further actions to contact the identified relatives, contact the identified tribal entities, or provide notice to the identified tribes.

CFS concedes, and we agree, that such a record is simply not sufficient to support the juvenile court's finding that CFS complied with its statutory duties of inquiry and ICWA does not apply. Accordingly, we will remand the matter to permit the juvenile court and CFS the opportunity to comply with the requirements of ICWA and sections 224.2 and 224.3.

## IV.  DISPOSITION

The order terminating parental rights is conditionally reversed.  The matter is remanded to the juvenile court with directions to comply with the inquiry and notice provisions of ICWA, sections 224.2 and 224.3, and any other statutory provisions that may become applicable as a result of further inquiry into L.L.'s potential status as a child falling within the provisions of ICWA.  If, after the requirements of these statutory provisions have been fulfilled, the juvenile court continues to find that ICWA does not apply, the order terminating parental rights shall be immediately reinstated and further proceedings shall be conducted, as appropriate.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


McKINSTER
Acting P. J.


MENETREZ
J.

8